UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB - 9 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ANTHONY ASKEW, )
)
Plaintiff, )
)
v. )   Civil Action No. **12 0221**
)
ERIC HOLDER, )
)
Defendant. )
)

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff "moves this Honorable Court to issue an ORDER to DISMISS the indictment emanating from the United States District Court for the Western District of Pennsylvania" on the ground that the statute under which he was charged and convicted, "H.R. 3190 (Public Law 80-722; which codified Title 18), was not passed or signed" in accordance with the Constitution. Compl. at 1; *see generally id.* at 9-19. According to plaintiff, "the U.S. Criminal Codes are void from their beginning and have not become valid by the passage of time." *Id.* at 5. He argues that no federal government entity had the "authority to commit, classify, transfer or keep [plaintiff] in custody under Public Law 80-772." *Id.* at 6. Plaintiff demands a declaratory judgment, his immediate release from custody, *see id.* at 21, and an award of $15,500,000, *id.* at 22.

Insofar as plaintiff challenges the constitutionality of the criminal statute under which he was convicted, he must do so by filing a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952)

(stating that an attack on the constitutionality of the statute under which a defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255). Such a motion must be filed in the court which imposed the sentence, and the plaintiff may avoid this process only if the remedy is found to be inadequate or ineffective. *See* 28 U.S.C. § 2255(e). This district is the appropriate forum for adjudication of the claim because plaintiff was tried, convicted, and sentenced in the Western District of Pennsylvania.

Plaintiff's claim for monetary damages cannot proceed either. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Id.* at 486-87 (footnote omitted); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Plaintiff does not show that his confinement has been invalidated, and his "claim for damages bearing [a] relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original).

The Court will dismiss the complaint. An Order accompanies this Memorandum Opinion.

DATE: 2/7/12

United States District Judge